𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

TAYLOR v. HEDRICK AND OTHERS.

November 18, 1909.

Absent, Buchanan, J.

1. RES JUDICATA—*Dismissal For Variance Between Allegation and Proof.*—Where suit is brought to quiet the title to land alleged to have been acquired by adverse possession, and it is shown that the title was not so acquired, but, if acquired, it was by deed from certain of the defendants, and the suit is dismissed from the docket solely on that account, the effect of the order of dismissal is to leave the parties just where they were before the suit was brought, with all rights then enjoyed by either party with respect to the deed unaffected and unimpaired by the suit. It is not a determination of the rights of the parties to the deed, and does not bar the grantees in the deed from setting it up against their grantor in a suit brought by him for the partition of the property conveyed.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*D. O. Dechert* and *Roller & Martz,* for the appellant.

*John E. Roller* and *Conrad & Conrad,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This is a suit for partition of a small lot of land, situated in the village of Dayton, in Rockingham county, Va., brought by the appellant, James E. Taylor, in which he claimed to be a

joint tenant with the defendants. It was established beyond controversy that the appellant had, long before the institution of his suit for partition, executed and delivered, so far as he was concerned, a deed divesting himself of all interest in the property sought to be partitioned, by conveying the same to the appellees, Mary F. and Bettie Dodson, and the circuit court so held and dismissed his bill. From that decree this appeal has been taken.

When the evidence, both oral and documentary, was adduced, which showed conclusively that appellant had divested himself of all interest in the property, objection was made to its introduction, on the ground that the matter of the title to the real estate involved was *res judicata* by reason of the proceedings in certain ended causes theretofore heard together in the Circuit Court of Rockingham county, the records of which were thereupon filed in this case to be used as evidence on behalf of the appellant, so far as applicable.

The appellant contends that the subject had been the matter of controversy in the previous litigation, or ought to have been brought forward for the settlement therein; hence it cannot now be heard as a defense to his claim; that the doctrine of *res judicata* should have been applied and the appellees not permitted to prove the execution and delivery by him of a deed conveying his interest in the property to them. The refusal of the circuit court to apply this doctrine, under the facts of this case, is made the chief if not the only ground of error relied on in the petition for appeal.

This defense makes it necessary to inquire into the object of the ended causes relied on, and what was decided in them.

The land in question descended in 1873 to the heirs of Elizabeth Taylor. At the time of the death of Mrs. Taylor her son-in-law, John Dodson, with his family, were living on the property with her, claiming it as his own, and from that time to the present the Dodsons have lived on the property, claiming it as their own, paying the taxes and exercising, without interrup-

tion, every right with respect thereto that an owner could exercise. The first of the ended causes, relied on as showing an adjudication of the right of appellant to an interest in this property, was brought by George W. Hedrick to enforce specific performance of a contract by which it was alleged that the Misses Dodson had sold him a small part of the land in controversy, and asking, in addition, for the removal of a cloud on the title to the property he had bought. To this bill all the heirs of Elizabeth Taylor, including the appellant, were made parties defendant. Soon after the last-named suit was brought, the appellees, Mary F. Dodson and Bettie Dodson, filed an original bill, with the same parties defendant, asking that the title to the whole property in controversy be quieted, and set up the same ground therefor that was asserted in the bill filed by George W. Hedrick. In each of these bills the sole ground upon which the court is asked to quiet the title to this property, as against the other heirs of Elizabeth Taylor, is that John Dodson and those claiming under him had been in the actual adverse possession of the property for a period more than sufficient to ripen their title into a good title against all the world, and especially against the heirs of Elizabeth Taylor, deceased. The deed by which the appellant had divested himself of all interest in the property was mentioned in both bills by way of recital, but in neither was it made a ground for the relief asked.

These two causes were heard together, and when the evidence was taken to establish the title of the Misses Dodson by reason of their adverse possession, the fact was developed that the appellant and other heirs of Elizabeth Taylor had executed and delivered a deed conveying their interest in the property to the Misses Dodson. Upon the hearing of the causes, on the 2d day of February, 1906 (Judge Letcher presiding), a decree was entered, holding that adverse possession had not been established, for the reason assigned that joint tenants could not hold adversely to each other, but that by virtue of the deed shown to have been executed and delivered, the parties had divested them-

selves of all interest in the property in favor of the appellees. The court thereupon proceeded to decree further, quieting the title of the complainants in both suits.

·´ In July, 1906, Judge Haas having succeeded Judge Letcher, the appellant, James E. Taylor, filed a bill to review the decree of February 2, 1906, which had been entered by Judge Letcher. In this bill of review he alleges that the sole issue before the court in the two causes mentioned was whether or not the complainants had established a title to the property by adverse possession, and that having held that there was no adverse possession it was error to go on and decree the title of complainants to be valid by reason of the deed executed and delivered by the appellant and other heirs of Elizabeth Taylor, when there was no allegation or pretense in the bills that the parties claimed title to the property by reason of such deed; and the prayer of the bill of review was, that a decree be entered confirming the title to the property in the heirs of Elizabeth Taylor, deceased, in accordance with the court's opinion upon the sole question in issue therein, etc.

Answers were filed to this bill by the appellees, and upon the hearing the court overruled the demurrers to the bill of review, set aside and anulled the decree of February 2, 1906, refused to allow the appellees to amend their respective original bills so as to put in issue the deed executed by the appellant and other heirs of Elizabeth Taylor, deceased, and struck both causes from the docket as ended; thereby holding, at the instance of and in favor of appellant, as shown by the decree and the opinion of the court filed therewith, that the validity of the deed, or the rights of the parties thereunder, was not an issue, and could not be brought forward as an issue under the pleadings in those causes, which were instituted, as alleged by appellant, for the sole purpose of having the title of appellees quieted upon the ground of their adverse possession; and that issue being against the appellees, there was nothing to do but to dismiss the two original bills from the docket.

So far as appellant was concerned or interested, the former decree was set aside only so far as it affected his interest in the land. The decree does not declare any title to be in appellant, nor does it in any way pass upon or question the deed which is now relied on by appellees as their defense to the claim asserted by appellant in his suit brought for partition or sale of the land and distribution of the proceeds between himself and the other heirs of Elizabeth Taylor, deceased. The effect of the final decree, on the bill of review, was to leave the parties exactly where they were before the suits for quieting the title to the land on the ground of adverse possession were brought, with all rights then enjoyed by either party with respect to the deed in question unaffected or unimpaired by the proceedings then brought to a close by that decree. The correctness of the judicial determination by the court, that the deed was not an issue in the two causes then being heard together, and could not be brought forward as an issue under the pleadings in those causes, was not questioned, but was acquiesced in by all parties.

It follows from what has been said that the decree of October 13, 1906, which was obtained by the appellant, furnishes no ground for the claim now made by him, that the matter of the title to the real estate in controversy was *res judicata* by reason of the proceedings in the two ended causes mentioned; or that said decree constitutes a bar to the right of appellees to rely upon their deed from him as a defense to his suit for a partition of their land, in which he is shown to have divested himself of all interest.

The petition for appeal alleges that the deed was not produced, no pleading filed alleging its loss, and no evidence introduced to obtain its production, or proof of its loss.

The appellant admits that he executed and delivered the deed to an agent of the appellees, who was aiding the Misses Dodson in securing a release by the heirs of Elizabeth Taylor of their outstanding title to the property. The record shows that the deed was called for, and further shows that proof was adduced,

of the person in whose possession it was left, that it was lost or destroyed. The proof is so full and convincing that the deed conveying his interest in the property to the appellees was executed and delivered by the appellant that it is unnecessary to further consider or discuss that subject.

There is no error in the decree appealed from, and it must be affirmed.

*Affirmed.*